PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. PEDRO ALONSO, Defendant and Appellant.

No. 2695. Argued April 29, 1926.—Decided May 19, 1926.

*Herminio Miranda* and *Rafael Cuevas Zequeira* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was convicted of the crime of carrying a revolver on his person, and in his brief he alleges as the only ground of appeal that the trial court weighed the evidence with passion, prejudice and partiality in that the evidence was contradictory and it gave more credit to the witnesses for the prosecution consisting of one with whom the appellant had had a quarrel and another who was a subordinate in the office of the former.

All of the witnesses agreed that the defendant was in the office of the collector of internal revenue of Utuado on the day to which the information refers and said that he was there to secure satisfaction from the collector in regard to a signature that the collector had secured from his wife, which he considered an offense; but the witnesses disagreed as to whether at that time he took from one of his pockets a revolver that he carried and aimed it at the collector. The trial court adjusted the conflict by finding that the defendant carried a revolver, and the mere fact that the collector had a quarrel with the defendant and that the other witness called by the district attorney was an employee in the office of the collector does not show that in giving them credit the court acted with passion, prejudice or partiality; nor does the fact that when the defense was examining a witness about what had occurred two days before in the defendant's house the court said to the district attorney: "What have we to do with that? The prosecuting attorney should have objected," with other remarks of the same character.

As the revolver was not taken from the defendant, the defense says in an additional brief that since the approval of the Act of 1924 concerning the carrying of arms only such arms as the Act of 1905 (Comp. 5994) referred to can be considered prohibited when they are carried under circumstances that make them capable of causing bodily injury, and that in the case of a revolver it is necessary to allege and prove that it was loaded, otherwise it was not capable of causing bodily injury.

■■ This court held in the case of *People* v. *Cruz Rosado*, 34 P.R.R. 305, that although Act No. 14 of June 25, 1924, failed to specify the weapons prohibited and used the general word "arm," it should be understood that the arms were those specified in the Act of 1905, among which the revolver is included, and therefore a person who carries a revolver violates the Act of 1924, without its being necessary to prove that the revolver being carried is capable of causing bodily injury, as that is required by the Act in regard to instruments that may cause bodily injury, but not in regard to weapons which of themselves are dangerous because made for purposes of offense and defense. Section 1 of the Act of 1924, which provides that any person unlawfully carrying any arm or instrument with which bodily injury may be caused shall be subject to punishment, must be interpreted in the sense that anyone who carries any arm or anyone who carries an instrument with which bodily injury may be caused shall be subject to punishment, inasmuch as the weapons by their nature and the purposes for which they are intended may cause bodily injury. Therefore, it is necessary to allege and prove only that bodily injury may be caused when the instruments are similar to the arms specified in the Act of 1905 as those with which bodily injury may be caused. And as said in the case of *Williams* v. *State*, 34 Am. Rep. 102, a pistol does not cease to be one by becoming temporarily inefficient or because it is unloaded, since as

long as it has the general characteristics of a pistol and its appearance as such, it is a pistol.

The judgment appealed from must be affirmed.